## NORRIS v. CROWELL & SPENCER LUMBER CO.
### No. 4798.

Court of Appeal of Louisiana. Second Circuit.
Nov. 2, 1934.

Fern M. Wood, of Leesville, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

DREW, Judge.

Plaintiff sued for compensation for total permanent disability alleged to have been caused by an accident on June 5, 1933, while he was in the employ of defendant. He alleged that while endeavoring to trip a slip or scraper, he was suddenly jerked forward, throwing him across the slip and producing a varicocele on his left side which has totally disabled him from performing work of any reasonable character.

Defendant denied that the varicocele in plaintiff's side was a result of the accident or that it had disabled him from performing his usual labor.

The lower court rejected plaintiff's demands and he has appealed.

The case was tried below on October 26, 1933, four months and twenty-one days after the date of the accident. The record discloses that plaintiff was jerked or fell over the slip. He claimed to have pain in the lower abdomen, quit work immediately, and went to Dr. Durham, defendant's physician, who sent him home and kept him in bed for a period of four or six weeks. The defendant paid plaintiff compensation for a period of six weeks, at which time he was pronounced ready for work by defendant's physician. The only objective symptoms immediately after the accident were a bruise on the left side, about eight inches below the hip, and a skinned place on the left shin, according to the testimony of plaintiff.

Dr. Welch examined plaintiff on August 28th, after the accident, and found the varicocele on the left side, otherwise found him in normal condition. He testified that the varicocele was not caused by trauma and could not be produced by trauma. It is a condition of varicose veins in the spermatic cord within the scrotum and is very similar to hemorrhoids. He further testified that 20 per cent. of all men have varicoceles and it is not a disability that will prevent a man from performing manual labor. He further testified that he was the general physician for defendant company; that he examined all men before they were given jobs and he never disqualified one because of varicocele. Dr. Welch further testified that varicocele is a progressive condition and it takes a long period of months and years for such a condition to develop; and further stated that an accident as described by plaintiff could not bring about the varicocele; that the most likely cause of varicocele is standing for long periods of time and straining, but that it always takes longer than six months for it to develop, and usually years.

Dr. Durham testified that a year prior to the accident, he treated plaintiff for gall bladder trouble, stomach trouble, and gastritis; that he treated plaintiff immediately after the accident and found no bruises on the outside of the right thigh. At that time plaintiff was wearing a truss and had previously thought he was ruptured. He put plaintiff to bed. At that time plaintiff had the varicocele; that it was not possible for the varicocele to have been caused by the accident, and the reason he put plaintiff to bed was because he was looking for a rupture and wanted to give him as much rest as possible. There was no rupture and then he pronounced him ready for work.

Dr. Landrum testified that on July 8, 1932, he made an examination of plaintiff and found an enlarged gall bladder, duodenal ulcer, with adhered appendix to the left side, to the tip; it adhered to the brim of the pelvis; infected tonsils and bad teeth. He further testified that it would be impossible for the accident, as described by plaintiff, to cause the varicocele.

Dr. Rand corroborated the testimony of the other three doctors, and all of them testified that varicocele did not disable a man from performing manual labor and that a large per cent. of laborers have varicocele; and that trauma will not produce it.

To offset this medical testimony, plaintiff has offered no evidence and relies solely on his own testimony as to the accident and resulting injury. He makes no claim for any other injury, except the varicocele. The overwhelming testimony is that it was not caused by trauma, could not be caused by trauma, and, no matter how it was caused, it did not disable plaintiff from performing manual labor.

We find no error in the judgment of the lower court, and it is therefore affirmed.